# IN THE MATTER OF RUDOLPH ZIMMER, A PERSON OF AN IMBECILE MIND AND EXTREME OLD AGE.

*Appointment of committee — when affidavit of physician not necessary.*

Although it is usual to require a petition for the appointment of a committee, of a person alleged to be of unsound mind, to be accompanied by the affidavit of a physician before the court will direct a writ *de lunatico inquirendo* to issue, yet the court may, in its discretion, dispense with such affidavit, and issue the writ upon the affidavit of a layman.

The sufficiency of the allegations of the petition cannot be questioned after the return of an inquisition finding sufficient facts.

APPEAL by Rudolph Zimmer from an order of the Special Term in Erie, denying a motion made by him to supersede the committee appointed herein. The proceedings in which the committee was appointed were had in the County Court of Erie, and were commenced on the twentieth of December, 1866. The committee was appointed on the twenty-first of January, 1867, and immediately entered upon the discharge of his duties. In September, 1876, the said Rudolph Zimmer presented his petition to the County Court, verified on the twenty-first of August, 1876, in which he set forth the then appointment of said committee, and alleged that said appointment was made in pursuence of the verdict or inquisition of a jury, in which it was found that the petitioner was then, to wit, December 22, 1867, a person of unsound mind, and incapable of the government of himself or the management of his estate. The petition further represented that the petitioner was, at the time of verifying the same, of sound

mind and memory, and entirely competent to manage his own business, and the petitioner therefore prayed that the order appointing the committee be superseded, and that the committee be discharged and required to account. The prayer of the petition was opposed by the committee, and a referee was appointed to inquire and report respecting the matter alleged in the petition. The referee having made his report in favor of granting the prayer of the petition, and the county judge then in office being disqualified to hear the matter, and having certified it to this court, a motion was made at a Special Term held in the county of Erie to confirm the report and supersede the committee. The motion was denied, and from the order then made this appeal is taken.

*George W. Cothran*, for Zimmer, the appellant.

*Lewis & Gurney*, for the committee, respondent.

SMITH, J.:

The counsel for the appellant insists that the committee should be superseded, not only upon the ground that the petitioner is now sane and capable of managing his affairs, but also upon the ground that the proceedings in which the committee was appointed were void for want of jurisdiction, and that the inquisition of the jury was procured by methods which were a fraud upon the court.

The point, as to the lack of jurisdiction, rests upon certain alleged defects in the petition and accompanying affidavits by which the proceedings were instituted. The alleged defects are (1), that neither the petitioner nor either of the applicants was a physician, and consequently neither was competent to express an opinion as to Zimmer's mental condition; and (2), that the statements in the petition and affidavit respecting Zimmer's mental condition were not sufficient to bring the case within the statute and to give the court jurisdiction. The petition alleged that Zimmer, by reason of his extreme age (68 years and upwards), "is so far deprived of his reason and understanding, as to be altogether unfit and unable to govern himself or to manage his affairs." The affidavit

alleged that Zimmer "for the last three years has, at times, been more or less affected by an alienation and imbecility of mind, rendering him unfit for the time being to have the government of himself and management of his affairs." The usual practice is to require the affidavit of one or more physicians, and the practice ought not to be departed from except for very satisfactory reasons. But as the only object of the petition and the accompanying affidavits is to enable the court to determine whether the case is a proper one in which to direct a *writ de lunatico inquirendo* to issue, the court may order the writ in its discretion upon a petition supported by the affidavit of laymen. In other words, it is not essential to the jurisdiction of the court that the affidavits should be made by physicians, although it is good practice to require it; and it may be, that where the practice is departed from under such circumstances as to amount to an abuse of discretion, the order directing the writ to issue should be vacated on that ground, upon an application made in due time.

The averments in the petition and affidavits respecting the mental condition of Zimmer were not sufficient to authorize the appointment of a committee; and if the inquisition had found nothing more, it would have been quashed on motion. (*In the Matter of Morgan*, 7 Paige, 236; *In re Holmes,*, 4 Russ., 186; *In re Mason*, 3 Edw. Ch., 380; *In re Shaul*, 40 How. Pr. R., 204.) But the inquisition found that Zimmer was of unsound mind, and incapable of the government of himself or the management of his estate. That finding brought the case within the statute, and authorized the court to appoint a committee. The appointment, thus made upon a sufficient finding of the jury, cannot be set aside at this late day and in this proceeding, by reason of the alleged insufficiency or irregularity of the petition and affidavits.

The charge of fraud, in procuring the inquisition, is based upon certain testimony which was received by the referee against the objection and exception of the committee, tending to show that the inquisition was rendered upon the consent of Zimmer, and not upon evidence of his mental unsoundness. It is a sufficient answer to the charge, to say that it is not suggested in the petition on which this proceeding is based. On the contrary, the petition

impliedly *assumes* that the inquisition was regular, and the finding sufficient to authorize the appointment of a committee, and that the only ground on which a supersedeas is asked for is that Zimmer is restored to his right mind. To have made the charge of fraud available, it should have been set forth in the petition as a ground of the application.

The only question open to the petitioner, in the present proceeding, is the one already suggested, to wit: whether, since the finding of the inquisition, he has been restored to his right mind, and is now capable of the management of his affairs. On that question the burden of proof is with him. A careful reading of the testimony taken by the referee, convinces us that his conduct in permitting sharpers and adventurers to possess themselves of his property, can be accounted for upon no other theory than that he was of unsound mind, and thereby incapable of managing his affairs, and that there is great reason to apprehend that if the remnant of his estate, which has been regained and preserved by his committee, were placed under his control, he would soon be stripped of it by designing men taking advantage of his weak and disordered understanding. We think it our duty to continue to him the protection afforded by the appointment of the committee, and we therefore affirm the order of the Special Term, and order that the committee retain out of the estate of said Zimmer, in his hands, his costs and disbursements of this appeal, and of the proceedings below; as well those in the County Court and before the referee as those at Special Term to be taxed.

Present — TALCOTT, P. J., SMITH and NOXON, JJ.

Order appealed from affirmed, with ten dollars costs and disbursements of the appeal, and the costs of the proceedings below; as well those in the County Court and before the referee as those at Special Term to be taxed, to be retained by the committee out of moneys of Zimmer in his hands.